UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CURTIS ROYER,

        Petitioner,

vs.                                          Case No. 3:12-cv-1319-J-12MCR

ERIC HOLDER, JR., etc.;
et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On December 3, 2012, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (Doc. #1). The Petition is dated November 27, 2012, with a certificate of service of November 30, 2012. Petitioner contends that he has been unlawfully detained by the United States Immigration and Customs Enforcement (hereinafter ICE) while awaiting the execution of his removal order. Upon review of the Petition, this Court is of the opinion that the Petition should be dismissed without prejudice as it has been prematurely filed in this Court and jurisdiction lies elsewhere. An explanation follows.

Petitioner states that he has remained in the custody of ICE agents since May 15, 2012. Petition at 4. He alleges that he was ordered removed on February 8, 2000, and he waived his right to fight the final order of removal. Id.

Attached to the Petition is a September 21, 2012, Decision to Continue Detention, signed by the designated representative of Marc J. Moore, Field Office Director, Miami, Florida. It states: "if you have not been released or removed from the United States by 11/11/2012, jurisdiction of the custody decision in your case will be transferred to the Headquarters Case Management Unit (HQCMU), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQCMU will make a final determination regarding your custody." Petitioner states that he has been languishing in detention, and apparently, has not received a notice of a final determination from Headquarters Case Management Unit (Headquarters or HQCMU).

Upon consideration, Petitioner received a notice of Decision to Continue Detention and transfer of jurisdiction to Headquarters. At this point, he should seek review of his custody from Headquarters, not through a petition for writ of habeas corpus. In Meighan v. Chertoff, No. H-08-1222, 2008 WL 1995374 (S.D. Tex. May 6, 2008) (not reported in F.Supp.2d), the court summarized this review process as follows:

2

After Zadvydas,[2] the Attorney General issued regulations to implement administrative review procedures for those aliens detained beyond the removal period. See Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed.Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). Under this scheme, an eligible alien may submit a written request for release to the Headquarters Post-Order Detention Unit ("HQPDU") asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). The alien must include with the written request information sufficient to establish his compliance with the obligation to effect his removal and to cooperate in the process of obtaining necessary travel documents. 8 C.F.R. § 241.13(d)(2). The HQPDU must respond in writing to the alien, acknowledging receipt of the request for a review of his continued detention. 8 C.F.R. § 241.13(e)(1). Immigration officials may detain the alien until it has made a determination whether there is a significant likelihood that the alien can be removed in the reasonably foreseeable future. See id.

The administrative review process contemplates the preparation of a record. If the HQPDU believes that the alien's request provides grounds for further review, it may, in an exercise of discretion, forward a copy of the alien's written request for release to the Department of State for information and assistance in the form of detailed country conditions information or anything else that may be relevant to whether a travel document is obtainable from the country at issue. 8 C.F.R. § 241.13(e)(3). In making its decision about whether removal is reasonably

---

[2] In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns, and that six months is a presumptively reasonable period to detain an alien awaiting removal.

3

foreseeable, the HQPDU considers a number of factors, including, but not limited to: (1) the history of the alien's efforts to comply with the order of removal; (2) the history of previous efforts to remove aliens to the country in question or to third countries; including the ongoing nature of the efforts to remove the particular alien and the alien's assistance with those efforts; (3) the reasonably foreseeable results of those efforts; and (4) the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question. 8 C.F.R. § 241.13(f). Where there is a continuing effort to remove the alien, there is no presumptive period of time within which the alien's removal must be accomplished, but the prospects for the timeliness of removal must be reasonable under the circumstances. See id.

According to the applicable regulations, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. 8 C.F.R. § 241.13(g). If there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, HQPDU officials shall promptly make arrangements for the alien's conditional release. 8 C.F.R. 241.13(g)(1). If there is a significant likelihood that the alien will be removed in the reasonably foreseeable future, however, the HQPDU shall deny the alien's request for release. 8 C.F.R. 241.13(g)(2). There is no administrative appeal from the HQPDU's decision to deny a request for release. See id.

In Meighan, the petitioner had not yet made his request for a review of his custody by Headquarters (also known as HQPDU).[3] The court noted that "[r]equiring administrative review first will benefit any analysis of the petitioner's claim by virtue of having a record that includes input from the State Department as well as a record of the petitioner's cooperation in obtaining a travel document to secure his removal." Id. Thus, the court dismissed the petition without prejudice as premature.

After Zadvydas, a special review procedure was implemented for those aliens subject to a final order of removal that are detained under custody review procedures after the expiration of the removal period. "Significantly, an alien may still be detained beyond six months 'until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" Campbell v. Holder, 2010 WL 5014309, at *2 (citing Zadvydas, 533 U.S. at 701). The new regulations were promulgated to provide Headquarters in Washington, D.C. with jurisdiction to make a custody determination. Kalu v. U.S. Dep't of Homeland Sec., Nos. 1:10-cv-244, 1:10-cv-1229, 2010 WL 4366402, at *1 (M.D. Pa. Oct. 28, 2010). "Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the

---

[3] Headquarters, referred to as HQPDU, may also be referred to as HQCDU, Kazarov v. Achim, No. 02 C 5097, 2007 WL 647453, at *3 (N.D. Ill. Feb. 27, 2007) (not reported in F.Supp.2d), and HQCMU, Campbell v. Holder, No. 1:CV-10-3284, 2010 WL 5014309, at *2 n.1 (M.D. Pa. Dec. 3, 2010).

basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future." Phean v. Holder, No. 1:11-CV-0535, 2011 WL 1257389, at *2 (M.D. Pa. Mar. 30, 2011) (citation omitted).[4] Authority to make a custody determination lies with Headquarters at this stage of review. Id. at *2.

Here, Petitioner has not exhausted his available administrative remedies before seeking relief from this Court. Jurisdiction of the custody decision was transferred to Headquarters when Petitioner was not released or removed from the United States by November 11, 2012. Petitioner does not assert that he has submitted a written request for release to Headquarters or that any determination has been made by Headquarters. "[B]ecause regulations have been promulgated to provide HQPDU with jurisdiction to make a custody determination, it would be premature for the Court to undertake such a review." Kalu v. U.S. Dep't of Homeland Sec., 2010 WL 4366402, at *2 (citations omitted). Once Petitioner has received his final decision from Headquarters, he may file a habeas petition. At that point, the record will have

---

[4] Where aliens have not filed written requests for release with Headquarters, some courts have entered orders directing ICE to construe the habeas petitions to be written requests for release, denying the petitions and closing the habeas cases. See Gbondo v. Attorney Gen. of the United States, No. 1:CV-11-1016, 2011 WL 2463051, at *3 (M.D. Pa. June 21, 2011); Phean, 2011 WL 1257389, at *3; Adams v. Lowe, No. 1:CV-11-0276, 2011 WL 663197, at *2 (M.D. Pa. Feb. 14, 2011); Campbell, 2010 WL 5014309, at *2.

been fully developed, which will benefit any analysis of Petitioner's claim for release.

In consideration of the foregoing, the Court determines that the Petition is due to be dismissed as prematurely filed. See Boz v. United States, 248 F.3d 1299, 1301 n.2, 1302 (11th Cir. 2001) (per curiam) (finding district court to be without jurisdiction because petitioner had not exhausted his administrative remedies); but see Saykin v. Holder, No. 10-10731-RGS, 2010 WL 1839413, at *2 n.4 (D. Mass. May 5, 2010) ("While exhaustion of administrative remedies is not a jurisdictional prerequisite to a habeas action, a court may decline to exercise habeas jurisdiction if administrative avenues have not been exhausted.") (citation omitted). Once the custody decision lies with Headquarters, Petitioner should exhaust his administrative remedies by submitting a written request for release to Headquarters so that Headquarters will undertake its review. Philius v. Holder, No. 1:11 CV 1500, 2011 WL 5509558, at *3 (N.D. Ohio Nov. 10, 2011) (recognizing that any challenge to continued detention should be filed with Headquarters pursuant to 8 C.F.R. § 241.13).

Petitioner may file a new habeas case once he has exhausted his administrative remedies and Headquarters has made its custody determination. He should not place this case number on the petition. The Clerk of the Court will assign a new case number.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13TH day of December, 2012.

　　　　　　　　　　　　　　　　Howell W. Melton
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


sa 12/12
c:
Curtis Royer